## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD MATTHEW MINIELLY, | : |
| Plaintiff | : |
| | : |
| v. | : |
| | : NO. 5:CV-15-6164 |
| ACME CRYOGENICS, INC., JOEL HANSEN, | : |
| TERRY BRUBAKER, ROBERT MUIR, | : |
| ROBERT AURITT and PETER LEONE, in | : |
| Their individual and professional capacities, | : |
| Defendants | : JURY TRIAL DEMANDED |

## BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO
## DISMISS SECOND AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6)

Defendants Acme Cryogenics, Inc., Joel Hansen, Terry Brubaker, Robert Muir, Robert Auritt and Peter Leone ("Defendants"), by and through their attorneys, McNees Wallace & Nurick LLC, hereby file the following Brief in Support of their Motion to Dismiss all Counts of Plaintiff's Second Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state claims upon which relief may be granted.

## I.   PROCEDURAL HISTORY

Defendants incorporate the Procedural History previously filed in their Brief in Support of Defendants' Motion to Dismiss Plaintiff's original Amended Complaint filed April 15, 2016. Defendants add the following statements. In response to Defendants' Motion to Dismiss Amended Complaint Pursuant to Rule 12(b)(6), Plaintiff filed a Motion for Leave of Court to file a Second Amended Complaint as well as an opposition to Defendants' Motion to Dismiss on April 29, 2016. On May 3, 2016, Defendants consented to Plaintiff's Motion for Leave to file a Second Amended Complaint. The

Court ordered that the Second Amended Complaint would be considered filed on May 16, 2016.  Defendants now file this Brief in Support of their Motion to Dismiss Second Amended Complaint Pursuant to Rule 12(b)(6).

## II.  FACTS

Defendants incorporate their factual statements from the previous Motions to Dismiss in this action.  Defendants add the following information.  The terms of the bonus referred to by Plaintiff in Paragraph 29 of his Second Amended Complaint, and relied upon in Counts I, II and III of the Second Amended Complaint are memorialized in Plaintiff's offer letter.  The offer letter was attached to Defendants' Answer to Complaint filed April 12, 2016.  It is attached to Defendants' Motion to Dismiss Second Amended Complaint as Exhibit "A".  The Restricted Stock Grant Agreement relevant to the stock interests listed in Paragraph 30 of Plaintiff's Second Amended Complaint is attached as Exhibit "B" to Defendants' Motion.  In Paragraph 72 of Plaintiff's Second Amended Complaint, he admits he was terminated prior to the vesting of his stock.

Plaintiff also alleges that he made an investment of one and one-quarter percent (1.25%) into Acme.  (Second Amended Complaint, ¶28).  Plaintiff alleges no further facts regarding the terms of the alleged investment.  Defendant now files the instant Brief in Support of Motion to Dismiss Plaintiff's Second Amended Complaint.

## III.  QUESTIONS PRESENTED

A.  DO PLAINTIFF'S COUNTS I AND II FOR VIOLATIONS OF THE PENNSYLVANIA WAGE PAYMENT COLLECTIONS ACT [SIC] STATE A CLAIM ON WHICH RELIEF MAY BE GRANTED?

Suggested Answer: No.

B.   DOES PLAINTIFF'S COUNT III FOR VIOLATION OF THE FLSA
     STATE A CLAIM ON WHICH RELIEF MAY BE GRANTED?

   Suggested Answer: No.

C.   DOES PLAINTIFF'S CLAIM FOR UNJUST ENRICHMENT STATE
     A CLAIM UPON WHICH RELIEF MAY BE GRANTED?

   Suggested Answer: No.

## IV.   STANDARD OF REVIEW

In the face of a Rule 12(b)(6) motion, a complaint may be dismissed where it fails

to state a claim upon which relief may be granted.  When ruling on such a motion, the

Court must accept as true all well-pleaded allegations in the complaint and all

reasonable inferences that can be drawn therefrom.  Ashcroft v. Iqbal, 556 U.S. 662,

677-78 (2009).  The Court, however, need not make unwarranted factual inferences or

credit "bald assertions" or "legal conclusions".  Id.; see also Benak v. Alliance Capital

Management LP, 435 F.3d 396, 400-01 (3d Cir. 2006).  Ordinarily, a court's review of a

12(b)(6) motion to dismiss is limited to the contents of the complaint.  Kulwicki v.

Dawson, 969 F.2d 1454, 1462 (3d Cir. 1992).  It is well established, however, that the

Court may consider evidence outside the complaint, including matters of public record

and other documents essential to plaintiff's claim that are attached to a defendant's

motion without converting the motion into one for summary judgment.  Foster v. JLG

Industries, 372 F. Supp. 2d 792, 797 (M.D. Pa. 2005) (citing Pension Benefit Guaranty

Corp. v. White Consolidated Industries, 998 F.2d 1192 (3d Cir. 1993)).  "Courts routinely

consider information referred to by plaintiff in the complaint if raised by defendants in

their motion."  Rogan v. Giant Eagle, Inc., 113 F. Supp. 2d 777 (2000) (court may

3

consider matters intrinsic to complaint but not attached in determining validity of a motion to dismiss).

## V. ARGUMENT

### A. Both Counts I and II of Plaintiff's Second Amended Complaint Purport To State Claims For Violation Of The Wage Payment and Collection Law.

In his Second Amended Complaint, Plaintiff seems to raise Count I as a violation by Defendant Acme and Count II purports to state a claim against the individual Board members. Regardless of whom the claims are raised against, the claims as set forth by Plaintiff cannot survive a motion to dismiss. Plaintiff alleges that Defendants failed to pay Plaintiff "his earned wages in the form of a defined earned and accrued incentive payout." Plaintiff states in Paragraph 70 of his Second Amended Complaint that he was terminated "just prior to the payout of his wage benefit". The benefit, alternatively referred to as a bonus (see Second Amended Compl., ¶29) in the Second Amended Complaint, is governed by the terms of Plaintiff's offer letter.[1] Absent reference to the bonus terms, Plaintiff is not entitled to relief under the Wage Payment and Collection Law. Plaintiff has made the same fatal error he made in his first attempt to plead a violation of the Wage Payment and Collection Law. Plaintiff has made no allegation of any terms of any agreement entitling him to a benefit beyond stating that it was a "defined earned and accrued incentive payout". He also claims to be owed unspecified "wages and benefits". Such bald face conclusory allegations are insufficient to satisfy a claim for violation of the Wage Payment and Collection Law. Diventua v. Bilere Inc.,

---

[1] Plaintiff did not attach the offer letter with bonus terms to his Complaint and it is true that a motion to dismiss is most often confined to addressing the allegations in the Complaint. Courts have found an exception, however, where the moving party attaches a document referred to by plaintiff in the Complaint. See Foster v. JLG Industries, 372 F. Supp. 2d at 797.

4

2011 U.S. Dist. LEXIS 34379 (E.D. Pa. Mar. 30, 2011) (noting that to "sustain his wage payment claims" the plaintiff must demonstrate that he was contractually entitled to compensation and that he was not paid) (citing Sullivan v. Chartwell Investment Partnership LP, 873 A.2d 710, 716 (Pa. Super. 2005)).

The rationale behind Plaintiff's failure to make contractual allegations regarding the terms of the bonus payment is clear: Plaintiff is attempting to obscure the facts and maintain his claim by any means necessary. Plaintiff's offer letter makes it clear that entitlement to a bonus payment is contingent on Plaintiff's being employed as of the date of the bonus payment. By the very terms of the bonus plan, and Plaintiff's own admission in the Second Amended Complaint, he was terminated prior to the bonus payout, and he is not entitled to relief under the Wage Payment and Collection Law.

**B.   Plaintiff's Claim For Violation Of The Fair Labor Standards Act Is Also Devoid Of Merit And Must Be Dismissed For Failure To State A Claim On Which Relief May Be Granted.**

Plaintiff has based his claim for violation of the Fair Labor Standards Act on Defendants' failure to pay wages "... in the form of a defined annual bonus as well as other fringe benefits." As we have just demonstrated, Plaintiff has no basis for alleging his entitlement to any payment under the bonus program as he was not working for ACME at the time the bonus was paid. Private plaintiffs may bring a claim for violation of the FLSA for failure to include bonuses in overtime compensation under 29 U.S.C. §207(e). Plaintiff is an exempt employee, however, by the terms of his offer letter. Plaintiff had no right to any other form of payment other than a wage meeting the statutory white collar exemption under the FLSA. Plaintiff has not alleged that he was not paid the required wage save the allegation for failure to pay a bonus and other

fringe benefits. Plaintiff has not alleged that he is subject to the minimum wage and maximum hours requirements of the FLSA. Once again, terms of Plaintiff's offer letter make it clear that none of Plaintiff's fringe benefits survived his termination.

There is some off chance that Plaintiff is referring to his restricted stock grant, in alleging he was not paid wages. Even if that were the case, Plaintiff admits that he was terminated "... just prior to the vesting of his stock interests." The fact is that Defendants should not have to guess the basis for Plaintiff's claims. Plaintiff must allege facts sufficient to show that he is entitled to relief in order to give Defendants fair notice of what the claim is and the grounds on which it rests. Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). In the instant matter, Plaintiff's allegations of entitlement to an unspecified annual bonus are wholly insufficient to put the employer on notice of the claims against it. Claims for nonpayment of a bonus by exempt employees are a matter of contract rather than a violation of the Fair Labor Standards Act. Plaintiff in the instant matter was an exempt employee under 29 C.F.R. §541. He is not entitled to FLSA protection for non-payment of a bonus.

## C. Plaintiff's Claims For Unjust Enrichment Must Fail As They Do Not State A Claim Upon Which Relief Can Be Granted.

In order to raise a viable claim against Defendants for unjust enrichment, Plaintiff must show: that he conferred a benefit on Defendants; that Defendants appreciated the benefit; and acceptance and retention of the benefit by Defendants under inequitable circumstances. Myers-Macomber Engineers v. M.L.W. Constr. Corp., 271 Pa. Super. 484 (1979). In the case *sub judice*, Plaintiff's claims must fail because he has failed to allege any benefit conferred to the Defendants.

6

Plaintiff alleges that he "invested an equity interest of one and one quarter percent (1.25%) into Acme". (Second Amended Compl., ¶28.) One and one-quarter percent is not in and of itself a quantifiable figure. One and one-quarter percent of zero is zero.[2] Plaintiff has failed to allege facts sufficient to establish that he gave anything of value to Defendants. Plaintiff's allegations must also fail because he does not plead inequitable circumstances. All of Plaintiff's attempt to link his discharge to potential protected activities with various administrative agencies failed. Plaintiff has not alleged any terms governing his supposed equitable interest. Once again, Plaintiff has failed to provide facts sufficient to put Defendants on notice of the claims against it and his claims must be dismissed for failure to state a claim upon which relief may be granted.

## VI.   CONCLUSION

For all the foregoing reasons, we respectfully submit that this matter should be dismissed in its entirety with prejudice.   Plaintiff will no doubt argue that he need only make a concise statement showing his entitlement to relief under F.R.C.P. Rule 8 (a) (2).  In Ashcroft, the Supreme Court made it clear that defendant is entitled to "more than an unadorned the-defendant-unlawfully–harmed-me accusation". Ashcroft v. Iqbal,

---

[2] Defendants have no record of any payment of any equitable interest by Plaintiff.  Recognizing that all Plaintiff's well-pled accusations must be taken as true, Defendants will not press their own understanding here.

556 U.S 556, 678 (2009). This Plaintiff's Second Amended Complaint and still he fails

to find the ability to bring a viable claim against Defendants because none exists.

Respectfully submitted,

McNEES WALLACE & NURICK LLC

By:_____

Schaun D. Henry
Attorney I.D. No. 80597
100 Pine Street
P. O. Box 1166
Harrisburg, PA  17108-1166
(717) 232-8000

Attorneys for Defendants

Date:  May 20, 2016

8

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this date a copy of the foregoing was

served upon the Plaintiff as follows through the ECF Guidelines of this Court:

> Deirdre Kamber Todd, Esq.
> The Kamber Law Group
> 1275 Glenlivet Drive, Suite 100
> Allentown, PA 18106
> dkambertodd@kamberlawgroup.com

Date: May 20, 2016                    /s/ Schaun D. Henry
                                      Schaun D. Henry